## JESS JONES v. STATE.

No. A-7373. Opinion Filed Jan. 3, 1931.
(294 Pac. 827.)

Ray & Thomas, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Comanche county of the crime of larceny of a domestic animal, and his punishment fixed by the court at imprisonment in the penitentiary for the term of two years.

Only two propositions are urged by the defendant as grounds for reversal of the case. The first is that the animal that the defendant was charged with stealing was not a stolen animal; that the animal handled and sold by the defendant was not the animal lost or stolen from the prosecuting witness, Zigler. The second is that, if this animal sold by the defendant was stolen from Zigler, it was not stolen by the defendant and his acts were in good faith, and that he had no guilty knowledge that the animal was stolen.

These two propositions actually go to the sufficiency of the evidence to sustain the conviction.

The state called as witnesses John M. Zigler, the prosecuting witness, John M. Zigler, Jr., and C. D. Jackson, who worked for the prosecuting witness and knew the animal. They all positively identified the animal that this defendant has admitted was handled as the one stolen from Zigler. The prosecuting witness identified the animal, not only by the brand, but by its color and markings and its likeness to its mother. On the other hand, the de-

fendant was equally positive that this animal had belonged to his father who moved it from Geronimo to near Indiahoma, and then south of Cache, from which place defendant afterward moved it to the town of Elgin where it was sold, and found its way through several different hands to Mr. Arnett, at Apache, and that the prosecuting witness is mistaken in identifying this animal as the one that belonged to him.

The record presents a clear conflict of the testimony. The evidence of the state and the suspicious circumstances surrounding the defendant were sufficient, if believed by the jury, to justify them in returning a verdict of guilty against the defendant. The question was one purely for the jury on the conflicting issues of fact. The trial court, having heard the evidence and the arguments on the motion for a new trial, not only let the verdict stand, but imposed the punishment thereunder after the jury had failed to agree on it.

There being no merit in the contention of defendant that the evidence is insufficient to support the verdict of the jury, and no merit in his claim that the evidence shows he came into possession of the animal without any guilty knowledge and acted in good faith in handling the same, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.